IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OMAR ANTONIO LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-2134-B (BT) |
| | § | |
| ACADEMY L.L.T., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Omar Antonio Lopez began this action by filing a document filled with sovereign citizen hallmarks, including fingerprints on the pages, references to himself as the "architect" and "sovereign owner" of an "asset pipeline," and a purported "final mandate" requiring the transfer of $875 trillion to an employer identification number. Compl. (ECF No. 3).

In response to a notice of deficiency (NOD), Lopez filed an amended complaint. Am. Compl. (ECF No. 5). Lopez sues an entity called "Academy L.L.T." and Jane and John Does "1 through infinity" for their alleged participation in a "systemic enterprise of fraud, constitutional violations, and injury to life." *Id.* at 1. He alleges that this "enterprise" is insulated from liability by other district courts' refusal to grant him electronic filing privileges. *Id.* He references 13 cases pending in other district courts and alleges that "procedural deficiencies" in those cases are "coordinated acts of collusion. *Id.*

Later, Lopez filed a document without leave of Court in which he appears to supplement his claims. Lopez alleges that Defendants are liable under the Racketeer Influenced and Corrupt Organizations Act (RICO) for "systemic misappropriation" of "the 47 nomenclature[1]" in violation of 18 U.S.C. §§ 1341, and 1343. Supp. at 2 (ECF No. 8). And in a largely incomprehensible attachment to his supplemental filing entitled "The Master Structural Framework: Enterprise Liability and Institutional Continuity," he alleges that Defendants, or some other person or entity, unlawfully appropriated and interfered with his property rights and systemically prevented him from accessing state and federal court dockets. *Id.* at 5-13.

For the following reasons, the District Judge should dismiss this case for failure to state a claim upon which relief can be granted.

**Legal Standards**

Lopez has been granted leave to proceed *in forma pauperis*. As a result, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may

[1] Lopez appears to be referencing the '47 Brand, which is a sports lifestyle brand selling licensed team headwear, apparel, and accessories. See https://www.47brand.com (last visited August 12, 2026).

be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court's authority to dismiss an action that fails to state a plausible claim for relief on its face extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett v. U.S. Dep't of Def.*, 763 F. App'x 383-84 (5th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

**Analysis**

Lopez's filings, even liberally construed, do not state a claim. If Lopez seeks to allege a claim under 42 U.S.C. § 1983, that statute "allows private parties to sue state actors who violate their 'rights' under 'the Constitution and laws' of the United States." *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 365 (2025). Lopez has identified no constitutional right that Defendants allegedly violated. Nor has Lopez plausibly alleged that any named defendant is a state actor. Therefore, he does not state a claim under § 1983.

Lopez also references RICO. *See* 18 U.S.C. §§ 1962, 1964(c). A civil RICO claim must involve: (1) a person who engages in; (2) a pattern of racketeering activity; (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Calcasieu v. Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1461 (5th Cir. 1991) (citing *Delta Trust & Tractor Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988)). An enterprise is a group of persons or entities associating for the common purpose of engaging in a course of conduct. *United States v. Turkette*, 452 U.S. 576, 583 (1981). The RICO "person" who commits the predicate acts must be distinct from the enterprise. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citation omitted). And a "pattern of racketeering activity" needed for a RICO claim requires two or more related acts of racketeering that either constituted or threatened continued criminal activity. *See* 18 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Bell Telephone, Co.*, 492 U.S. 229, 239 (1989). "Racketeering activity" is defined as any act indictable under certain federal criminal statutes or "chargeable" under certain state criminal laws. 18 U.S.C. § 1961(1). If an act is not listed in § 1961(1), it cannot serve as a RICO predicate act. See *Gordon v. Neugebauer*, 2014 WL 6611991, at *9 (N.D. Tex. Nov. 21, 2014) (Robinson, J.) (citing *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1002 (S.D. Tex. 1995)).

Lopez fails to state a civil RICO claim. He has not alleged a pattern of racketeering activity. He claims that Defendants violated 18 U.S.C. §§ 1341 (prohibiting mail fraud) and 1343 (prohibiting wire fraud). Both statutes are

included as predicate acts under § 1961(1). To establish these offenses, however, the plaintiff must show a scheme to defraud, specific intent to defraud, and the use of the mails or wire communications, respectively, to execute the scheme. *Robinson v. Standard Mortg. Corp.*, 191 F. Supp. 3d 630, 639 (E.D. La. 2016). Lopez's allegations are incoherent and insufficient. He only asserts in conclusory fashion that Defendants unlawfully profited from his "47 nomenclature" without any allegations showing a scheme to defraud, intent to defraud, or use of the mails or wire communications to execute the scheme. Supp. at 2.

Lopez vaguely references other activity that could be illegal in the abstract, such as, for example, "[u]nlawful appropriation, interference and suppression of proprietary rights," but fails to tie these concepts to a predicate act under § 1961(1). In any event, the factual allegations supporting this supposed illegal activity are incoherent and fail to plausibly allege that the activity occurred. Lopez therefore fails to state a civil RICO claim.

**Leave to Amend**

Ordinarily, a pro se plaintiff should be granted leave to amend his complaint before dismissal, but dismissal is unwarranted when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Lopez has failed to state or suggest a cognizable claim or any facts from which a cognizable claim could be inferred. Based on the most deferential review of Lopez's filings, he could probably not allege cogent and viable legal claims if

given the chance to amend. Thus, granting leave to amend under these circumstances would be futile and cause needless delay.

## Recommendation

The District Judge should dismiss Omar Antonio Lopez's case for failure to state a claim.

SO RECOMMENDED.

August 13, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).